UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOCELYNNE B. PACE, | |
| Plaintiff, | Case No. 26-2206-AWM-GEB |
| v. | |
| TAILORED SHARED SERVICES, LLC dba MEN'S WEARHOUSE, | |
| Defendant. | |

## SCHEDULING ORDER

On **July 20, 2026** the undersigned U.S. Magistrate Judge, Gwynne E. Birzer, conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiff Jocelynne B. Pace appeared through counsel Garrett M. Hodes of Hodes Law Firm, LLC by telephone. Defendant Tailored Shared Services, LLC appeared through counsel Hannah Walsh Mulkey of Vorys, Sater, Seymour and Pease LLP by telephone.

Following is a brief summary of the nature of the case:

> This is an employment discrimination case under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; the Pregnant Workers Fairness Act, 42 U.S.C. §§ 2000gg et seq.; the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.; and the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq. Plaintiff Jocelynne B. Pace, a former Store Manager at Men's Wearhouse (Overland Park, Kansas), alleges she was subjected to sexual harassment, denied accommodation for her pregnancy, and unlawfully terminated on September 4, 2025, after disclosing her pregnancy, reporting sexual harassment by a co-worker to Human Resources, and inquiring about FMLA leave. Defendant denies all claims and asserts that Plaintiff's termination was for legitimate, non-discriminatory reasons. Subject-matter jurisdiction is founded upon 28 U.S.C. § 1331.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

**1.      Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement potentially would be enhanced by early mediation. Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **September 18, 2026**.  Defendant must make a good-faith counter-proposal by **October 2, 2026**. By **October 23, 2026**, either (a) the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation, or (2) each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge at *ksd_birzer_chambers@ksd.uscourts.gov.* These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office. These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge. If the parties cannot agree on a mediator and any party wishes the court to consider a particular mediator or other ADR neutral, then up to three nominations may be provided in the confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. Absent further order of the court, mediation is ordered no later than **December 22, 2026**. Defense counsel must file an ADR report within 14 days after any

scheduled ADR process, using the form on the court's website: *http://www.ksd.uscourts.gov/adr-report/*.

**2.   Discovery.**

    **a.**    The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damage computations, and insurance coverage. To facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without the need for formal requests for production, copies of the documents described in the parties' Rule 26(a)(1) disclosures must be exchanged by **July 31, 2026**. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery, to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to take a particular deposition or pursue follow-up written discovery before the time allowed for discovery expires. Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

    **b.**    All discovery must be commenced or served in time to be completed by **January 25, 2027**.

    **c.**    The parties agree that principles of comparative fault do not apply.

    **d.**    Expert disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by plaintiff by **October 9, 2026**, and by defendant by **November 9, 2026**; disclosures and reports by any rebuttal expert(s) must be served by **December 18, 2026**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed.

R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).

     **e.**     The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

     **f.**     The court considered the following discovery problem(s) raised by one or more of the parties: None.

     **g.**     Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows:

> The parties agree that the parties produce electronically stored information ("ESI") initially in .pdf file format. Such documents will be produced in hard copy format or in PDF format and produced on a compact disc, DVD, USB drive, or some other form of universal media, or via a cloud-based drive from which the information may be downloaded. Should either party determine that it needs to view electronically stored information in native format, it may make a request to do so and the parties agree that they would engage in a discovery conference and endeavor to work together to provide access to the information in native format, subject to the parties' respective rights to object to the same if a party believes such production is unnecessary or overly burdensome or otherwise subject to objection under applicable law.

     **h.**     Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

The parties anticipate relying on the procedures described in the court's form protective order (or a similar protective order) that will be submitted as a proposed order to the court.

i.      To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by the parties and counsel: None.

j.      No more than (5) depositions may be taken by plaintiff, and no more than (5) depositions may be taken by defendant. Each deposition must be limited to (7) hours. All depositions will be governed by the written guidelines on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

k.      Discovery may be governed by a protective order. The parties agreed on the need for, scope, and form of such a protective order, they conferred and submitted a jointly proposed protective order by **July 13, 2026**. This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*https://ksd.uscourts.gov/file/919*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c). A pre-approved form protective order is available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

l.      The parties do consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b).

m.      The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important

obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3.    Motions**

a.    Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **September 18, 2026**.

b.    All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **March 12, 2027**. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

c.    Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

District of Kansas Guidelines | District of Kansas | United States District Court

d.    All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **March 12, 2027**.

e.    Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule

37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The court will typically grant the request and contact the parties to arrange the conference within a few days. The court will inform the parties whether any additional information should be submitted or filed in advance of this conference. Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

**For purposes of complying with the "meet and confer" requirements, the Court construes the term "confer" to require more than mere email communication. The parties, in person and/or through counsel, shall have verbal communications with each other; that is, they must first actually *talk* with each other about their discovery disputes, and then contact the Court for a discovery conference, before filing a motion to compel or similarly related discovery motion.**

**f.**     To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**g.**     Page limitations for principal briefs, responses and replies must comply with D. Kan. Rule 7.1.

**4.    Pretrial Conference, Trial, and Other Matters.**

a.    A status conference prior to the pretrial conference is not requested.

b.    Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **February 9, 2027 at 10:00 a.m. via Zoom**. Attorneys wishing to appear by phone may request permission to do so by sending an e-mail to chambers 7 days before the conference; however, the judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person. No later than **February 1, 2027**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_birzer_chambers@ksd.uscourts.gov*. The proposed pretrial order must not be filed with the clerk's office. It must be in the form available on the court's website:

Pretrial-Order-GEB.docx

c.    The parties expect the jury trial of this case to take approximately **5** trial days. The court will subsequently set this case for trial.

d.    If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Consent and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

e.    This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated July 20, 2026, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| **Event** | **Deadline/Setting** |
| Jointly proposed protective order submitted to court | **July 13, 2026** |
| Exchange documents identified in Rule 26(a) disclosures | **July 31, 2026** |
| Plaintiff's settlement proposal | **September 18, 2026** |
| Defendant's settlement counter-proposal | **October 2, 2026** |
| Jointly filed mediation notice, or confidential settlement reports to Magistrate Judge | **October 23, 2026** |
| Motions to amend | **September 18, 2026** |
| Mediation completed | **December 22, 2026** |
| ADR Report filed by Defendant | **14 days after mediation** |
| Experts disclosed by Plaintiff | **October 9, 2026** |
| Experts disclosed by Defendant | **November 9, 2026** |
| Rebuttal experts disclosed | **December 18, 2026** |
| Supplementation of initial disclosures | **40 days before close of discovery** |
| All discovery completed | **January 25, 2027** |
| Proposed pretrial order due | **February 1, 2027** |
| Pretrial conference | **February 9, 2027 at 10:00 a.m. via Zoom** |
| Potentially dispositive motions (e.g., summary judgment) | **March 12, 2027** |
| Motions challenging admissibility of expert testimony (Daubert) | **March 12, 2027** |
| Trial @ Kansas City, Kansas; ETT: 5 days | **To be set at Pretrial Conference** |